**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MATTHEW JAMES CONAWAY, | ) | |
| *Plaintiff*, | ) | No. 25 C 13331 |
| v. | ) | |
| | ) | Chief Judge Virginia M. Kendall |
| SERENDIPITY HOME HEALTHCARE, INCORPORATED, | ) | |
| *Defendant*. | ) | |

**OPINION & ORDER**

Defendant Serendipity's Motion to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure [23] is before the Court. Because Conaway states claims for discrimination, failure to accommodate, and retaliation under Count I but does not state a claim for relief under Count II, Serendipity's motion to dismiss [23] is granted in part and denied in part. If Conaway wishes to file additional amended complaints, he should file the appropriate motion.

**BACKGROUND**

At the motion to dismiss stage, the Court takes all of the factual allegations stated in the complaint as true and construes them in the light most favorable to the plaintiff. *Miao v. United Airlines, Inc.*, 164 F. 4th 622, 623 (7th Cir. 2026). Conaway is a disabled adult with life-long congenital spastic athetoid quadriplegic cerebral palsy. (Dkt. 12 at 3). Conaway is bedbound and requires substantial help with basic life functions like hygiene, transferring out of bed, and eating. (*Id.*) Conaway has a caregiver and advocate, Jennifer Vasquez, who assists with his care and advocates on his behalf. (*Id.*) In 2025, Serendipity began providing homemaker services to Conaway, a Medicaid recipient. (*Id.* at 2).

Conaway alleges that Serendipity failed to uphold its end of the bargain. Serendipity employees would frequently call off, fail to show up to work, and would often provide substandard care. (*Id.*) According to Conaway, Serendipity employees did not want to continue working with Conaway because he was "total-care" and "bedbound." (*Id.* at 3). After further staff call offs, Serendipity care coordinator Anel Ramirez intervened and provided care for Conaway. (*Id.* at 4). According to the Second Amended Complaint, Ramirez complained to Serendipity's human resources department about the poor staffing but was taken off Conaway's case in retaliation for the report. (*Id.* at 4). Conaway states that he, through Vasquez, complained to Serendipity and sought accommodations including alternative staffing and training arrangements so that he could receive care during staff call offs. (*Id.*)

In September 2025, Serendipity unilaterally stopped providing services for Conaway. (*Id.*) According to Serendipity, insurance coverage issues required termination of Conaway's homemaker services. (*Id.* at 4–5). Conaway believes that Serendipity terminated his services in

retaliation for his complaints and accommodation requests. (*Id.* at 5). Conaway alleges that Serendipity characterized his disability as the obstacle to proper staffing. (*Id.*)

In October 2025, Conaway sued Serendipity in a thirteen-count complaint alleging discrimination and retaliation under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act, negligence, fraudulent and negligent misrepresentation, breach of fiduciary duty, intentional infliction of emotional distress, and a claim under the Illinois Consumer Fraud and Abuse Act. (Dkt. 1). Conaway also submitted a motion to proceed *in forma pauperis*. (Dkt. 4). In evaluating the motion, the Court screened Conaway's complaint and dismissed it because it did not state a claim for relief. (Dkt. 10). Conaway filed an amended complaint on January 15, 2026, (Dkt. 11). followed by the Second Amended Complaint on January 21, 2026, (Dkt. 12), before Serendipity filed an answer or motion in response to his First Amended Complaint. On March 19, 2026, the Court acknowledged the Second Amended Complaint and found no reason to believe that it was brought for an improper purpose or that it failed to state a claim. (Dkt. 13). Serendipity moved to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotes omitted). "This means that the complaint must offer factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Farhan v. 2715 NMA LLC*, 161 F.4th 475, 482 (7th Cir. 2025) (cleaned up). The Court will accept "well-pleaded allegations of fact as true and draw all reasonable inferences in the plaintiff's favor." *Miao*, 164 F. 4th at 623. The Court will "not presume the truth of legal conclusions and conclusory allegations." *Cielak v. Nicolet Union High Sch. Dist.*, 112 F.4th 472, 475 (7th Cir. 2024). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Orr v. Shicker*, 147 F.4th 734, 741 (7th Cir. 2025) (quoting *Peterson v. Wexford Health Sources, Inc.*, 986 F.3d 746, 751 (7th Cir. 2021)). Pleadings submitted by pro se litigants, however inartfully pleaded, "must be held to less stringent standards" and are "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

## DISCUSSION

As an initial matter, the parties appear confused about which complaint is at issue. In the Court's March 19, 2026, minute order, it acknowledged the Second Amended Complaint as the operative document governing this case. The Second Amended Complaint is substantially shorter than the original complaint (Dkt. 1) and the First Amended Complaint (Dkt. 11) with only two counts instead of the original thirteen. Nonetheless, Serendipity and Conaway appear to brief the motion to dismiss as if the original or First Amended Complaint were operative. They are not. Accordingly, the Court considers the arguments set forth in the briefings only to the extent they map onto the Second Amended Complaint.

### 1. Conaway States Claims Under the Americans with Disabilities Act and the Rehabilitation Act

Serendipity argues that the Court should dismiss Conaway's claims under the ADA and the Rehabilitation Act because Conaway fails to state claims for discrimination, failure to accommodate, and retaliation. Principally, Serendipity argues that Conaway has not pleaded any facts that raise a plausible inference that Conaway was excluded on account of his disability. (Dkt.

23 at 3–4). Moreover, Serendipity argues the Court should dismiss Conaway's other two theories, failure to accommodate and retaliation, because they are conclusory, do not identify a specific reasonable accommodation sought, and because, in Serendipity's view, Conaway can only speculate as to causation. (*Id.* at 4). Moreover, Serendipity argues that Conaway's complaint demonstrates a conclusive non-discriminatory reason for withdrawing care, a lack of insurance coverage. (*Id.* at 5). Conaway, for his part, argues that he is not required to plead every operative fact implicated by his claim and that information pleaded in his Second Amended Complaint that supports a non-retaliatory explanation need not result in dismissal. (Dkt. 27 at 3–5).

The ADA and the Rehabilitation Act both prohibit discrimination against those with disabilities. With minor differences not at issue here, the ADA and the Rehabilitation Act provide "coextensive" relief. *Jaros v. Illinois Dep't of Corr.*, 684 F.3d 667, 671 (7th Cir. 2012). To state a claim for discrimination under the ADA or the Rehabilitation Act, a plaintiff must plead that: (1) he is a qualified person (2) with a disability and (3) that he was denied access to a program or activity because of his disability. *Id.* at 672.[1] According to the Rehabilitation Act, a plaintiff must be discriminated against solely on the basis of their disability. *Shirk v. Trustees of Indiana Univ.*, 167 F.4th 460, 467 (7th Cir. 2026). Moreover, failing to make reasonable accommodations is "tantamount to denying access" under either act. *Jaros*, 684 F.3d at 671. A plaintiff states a claim for failure to accommodate when he pleads that: (1) he is a qualified individual with a disability, (2) that the defendant was aware of his disability, and (3) that the defendant failed to reasonably accommodate the disability. *See Brumfield v. City of Chi.*, 735 F.3d 619, 631 (7th Cir. 2013).

Additionally, the ADA and Rehabilitation Act both prohibit retaliation against a plaintiff who makes a good faith assertion of his rights under either act. Accordingly, stating a claim for retaliation requires a plaintiff to plead: (1) that he engaged in a protected activity; (2) that he suffered an adverse action; and (3) that the defendant retaliated against him because of the protected activity. *Dickerson v. Bd. Of Trs. Of Cmty. Coll. Dist. No. 522*, 657 F.3d 595, 601 (7th Cir. 2011). Protected activities include asserting statutory rights, requesting a reasonable accommodation, filing charges with responsible agencies, and opposing prohibited discrimination. *Preddie v. Bartholomew Consol. Sch. Corp.*, 799 F.3d 806, 814–15 (7th Cir. 2015). Moreover, a plaintiff must also plead that he was subject to adverse action that would dissuade a reasonable person from engaging in a protected activity to satisfy the adverse action requirement. *Roney v. Ill. Dep't of Trans.*, 474 F.3d 455, 461 (7th Cir. 2007).

Conaway states a claim for discrimination under the ADA and the Rehabilitation Act. Conaway's complaint plausibly states that Serendipity failed to provide the benefits homemaker services because Conaway's disability-related care was "too difficult" for Serendipity employees. (Dkt. 12 at 4). According to the Second Amended Complaint, Serendipity employees often called off, did not come to work, and disparaged Conaway and his care needs. (*Id.* at 4–5). If Serendipity employees indeed refused to provide services to Conaway because of the burden of his disability, then Conaway states a claim for discrimination. The fact that Conaway could construe this, alternatively, as a breach of contract claim, does not necessarily mean he cannot also construe it as a claim for discrimination. Both can be true. Liberally construed, Conaway's Second Amended

[1] To state a claim under the Rehabilitation Act, a plaintiff must also plead that the program in question receives federal assistance. Because Serendipity does not raise this element, the Court does not address it here.

Complaint alleges that Conaway suffered discrimination prohibited by the ADA and the Rehabilitation Act.

Likewise, Conaway states a claim for failure to accommodate. Serendipity argues that Conaway does not plead that he asked for any specific accommodation, but this is not fatal to his claim. (Dkt. 23 at 3). The Second Amended Complaint states that Conaway asked for alternative training and staffing arrangements to be made so that he could receive adequate care. (Dkt. 12 at 4–5). "[N]o rule of law required [Conaway] to identify a particular accommodation in his complaint." *Brown v. Meisner*, 81 F.4th 706, 709 (7th Cir. 2023). It is sufficient that he pleads that a reasonable accommodation was requested and not provided. *See id*. Whether he requested an accommodation, its reasonableness, and whether Serendipity provided one are all questions better addressed through an adjudication on the merits.

Conaway sufficiently states a claim for retaliation under the ADA and the Rehabilitation Act. Conaway pleads that he, through his advocate, opposed the denial of care based on his disability and the difficulty of his care. (Dkt. 12 at 3–5). He also pleads that he requested accommodations to allow Serendipity's supervisors and staff to intervene when other Serendipity employees failed to come to work. (*Id.*) Construed liberally, either action could be considered protected activity under both the ADA and the Rehabilitation Act. Moreover, Conaway is not required to present a bulletproof causal chain in his Second Amended Complaint. Many discrimination and retaliation cases are proved through the *McDonnell Douglas* burden shifting framework using circumstantial evidence uncovered through discovery. *See* e.g. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–03 (1973). Even so, Conaway's Second Amended Complaint, liberally construed, appears to suggest suspicious timing and states that Rodriguez was removed from his case after making substantively similar reports. (Dkt. 12 at 3–4). Taken together, Conaway plausibly alleges that his reports and protests to Serendipity caused the complete revocation of his homemaker services. Furthermore, Conaway's past references to lost funding do not mean that Conaway pleads himself out of Court. Conaway may have disclosed Serendipity's non-retaliatory justification, but he still has the opportunity, and the burden, to disprove that justification as pretextual and thus does not "raise an impenetrable defense" to his own claim. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008). Conaway states a claim for retaliation because he plausibly alleges that his care was terminated in retaliation for seeking accommodations and opposing what he believed to be discrimination prohibited under both the ADA and Rehabilitation Act.

**2. Conaway Does Not State a Claim in Count II**

Serendipity argues that Conaway's claim for passive negligence relies on a now extinct form of state law negligence abolished by Illinois's Joint Tortfeasors Contribution Act. (Dkt. 23 at 6–7). Conaway responds that the claim does not seek revival of the passive and active negligence doctrines of old but argues that the factual allegations should simply be viewed in concert with the other claims stated in the complaint. (Dkt. 27 at 6–7). Alternatively, Conaway argues that the Court could preserve the count to the extent it comports with a claim for negligent misrepresentation. (*Id.*) Yet Conaway concedes that the complaint does not, nor was it intended to, allege that Serendipity is in the business of providing information, an essential element of the negligent misrepresentation exception to the economic loss doctrine. (*Id.*)

Under *Moorman*, claims for negligence under Illinois law may not proceed when they rely solely on economic losses as the measure of damages. *Moorman Mfg. Co. v. Nat'l Tank Co.*, 435

N.E.2d 443, 448–52 (1982). Illinois recognizes several exceptions to this rule including for negligent misrepresentation by "a defendant in the business of supplying information for the guidance of others in their business transactions." *Fireman's Fund Ins. Co. v. SEC Donohue, Inc.*, 679 N.E.2d 1197 (1997). Because Conaway concedes that his claim is susceptible to the *Moorman* Doctrine and states that Serendipity is not in the business of supplying information, he fails to state a claim under Count II of the Second Amended Complaint. Although Count II must be dismissed, the Court does not strike the factual allegations contained therein and they continue to be read in concert with the rest of the Second Amended Complaint. Accordingly, the Court dismisses Count II because it does not state a plausible claim for relief.

**CONCLUSION**

Serendipity's motion to dismiss [23] is granted in part and denied in part. If Conaway wishes to amend his complaint, he should file the appropriate motion to do so.

Date: October 28, 2026

Virginia M. Kendall
United States District Judge